UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of<br><br>ADULT USE HOLDINGS INC. and<br>ZOLA VENTURES LTD.,<br><br>                        Petitioners,<br><br>                        -against-<br><br>FAZE CLAN INC.,<br><br>                        Respondent. | Civil Action No._____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Respondent FaZe Clan Inc. ("FaZe Clan"), by and through its undersigned counsel, hereby removes the above-captioned action pending in the Supreme Court, New York County (Dkt. No. 656312/2021), to the United States District Court for the Southern District of New York, pursuant to 9 U.S.C. § 205, and as grounds for removal state as follows.

1. On August 4, 2021, the sole arbitrator (the "Tribunal") issued a Partial Final Award (the "Award") in connection with an international arbitration between Respondents and the arbitration claimants, Adult Use Inc. and Zola Ventures Ltd. (together "Petitioners"), in a proceeding administered by the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association ("AAA"), Case No. 01-20-0015-8611.

2. On November 2, 2021, Petitioners commenced the above-captioned action (the "State Court Action") to vacate the Award in the Supreme Court of the State of New York, New York County, Dkt. No. 656312/2021. True and correct copies of Petitioners' petition to vacate

101754441\_6

the Award and supporting papers are attached hereto as **Exhibit A**.

3. Adult Use Inc. and Zola Ventures Ltd. are organized, respectively under the laws of Canada and the British Virgin Islands. FaZe Clan is incorporated in the State of Delaware and has its principal place of business in California.

4. The State Court Action is hereby removed to federal court under 9 U.S.C. § 205, which states:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention,[1] the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

5. This Court has original jurisdiction over this action under 9 U.S.C. § 203, which confers federal subject matter jurisdiction over actions concerning arbitral awards governed by the New York Convention. "Chapter 2 [of the FAA] grants federal courts jurisdiction over actions governed by the Convention, § 203; establishes venue for such actions, § 204; authorizes removal from state court, § 205; and empowers courts to compel arbitration, § 206." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644, 207 L. Ed. 2d 1 (2020). "Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'" *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (internal citations omitted).

---

[1] This refers to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 33 U.N.T.S. 38, codified at 9 U.S.C. §§ 201-208 (the "New York Convention").

"Nothing could be plainer than the language of 9 U.S.C. s 205, which plaintiffs have ignored and which, in pertinent part, provides that in cases involving arbitration agreements, the defendants may, at any time before the trial thereof, remove to federal court (there is no dispute that the case was removed before trial). Given an explicit time rule contained in s 205, the notion that the time provision of 28 U.S.C. s 1446(b) applies is totally without merit." *Dale Metals Corp. v. Kiwa Chem. Indus. Co*., 442 F. Supp. 78, 81 (S.D.N.Y. 1977).

6.     The Award is governed by the New York Convention. "The Convention and the implementing provisions of the FAA set forth four basic requirements for enforcement of arbitration agreements under the Convention: (1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc*., 198 F.3d 88, 92 (2d Cir. 1999). Each of these four elements are satisfied. There is a written agreement to arbitrate that provides for arbitration in New York. *See* Exhibit 1 to Attachment A. The subject matter is commercial and involves a dispute between a Delaware Corporation and two Canadian citizens and their companies incorporated under the laws of Canada and the British Virgin Islands. *See* Petition to Vacate or Modify Partial Final Arbitration Award, at para. 12 ("Adult and Zola each are a foreign business entities [sic], organized, respectively, under the laws of Canada and of the British Virginia Islands....Salman and Gimelshtein each are citizens of Canada, not resident in the United States."); Exhibit 11 to Attachment A, at para 134 ("I hereby certify that, for purposes of Article 1 of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made in New York, New York, USA.")

7.     This Notice of Removal is timely filed, because 9 U.S.C. § 205 allows for

removal "at any time before the trial." There has been no trial or any adjudication relating to the Award that Petitioner seeks to vacate.

8. Venue is proper in this Court because the United States District Court for the Southern District of New York is "the district and division embracing the place where the [state court] action or proceeding is pending." 9 U.S.C. § 205.

9. Respondent reserves it right to amend this notice of removal, including for the purposes of attaching additional material.

Dated: December 3, 2021

                HUGHES HUBBARD & REED LLP

By:   /s/ *Malik Havalic*
       Malik Havalic
       One Battery Park Plaza
       New York, New York 10004
       Telephone: (202) 837-6000
       Fax: (212) 299-6561

       Kevin T. Abikoff (application for admission forthcoming)
       James H. Boykin (*pro hac vice* application forthcoming)
       Carter A. Rosekrans
       1775 I Street, N.W., Suite 600
       Washington, D.C. 20006-2401
       Telephone: (202) 721-4600
       Fax: (202) 721-4646

       Robby S. Naoufal
       1999 Avenue of the Stars, 9th Floor
       Los Angeles, CA 90067
       Telephone: (213) 613-2800
       Fax: (213) 613-2950

       *Attorneys for Respondent and Counterclaimant*
       *FaZe Clan Inc.*